## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JESSICA KIRBY, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF TOMMY KIRBY, DECEASED,

    Plaintiff,

vs.

                                                        Case No.:  2:20-cv-13088
                                                         Hon. Nancy G. Edmunds

CITY OF FLINT, a municipal corporation,
OFFICER TERRY VANKEUREN JR. and
OFFICER DANIEL MILLER, in their Individual
and Official Capacities,
Jointly and Severally.

    Defendants.

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | WILLIAM Y. KIM (P76411) |
| KEVIN C. RIDDLE (P57435) | City of Flint Law Department |
| Fieger, Fieger, Kenney & Harrington, P.C. | *Attorney for Defendants City of* |
| Attorneys for Plaintiff | *Flint and Terry VanKeuren, Jr.* |
| 19390 West Ten Mile Road | 1101 S. Saginaw St., 3rd Floor |
| Southfield, MI 48075 | Flint, MI 48502 |
| (248) 355-5555/ (248) 433-5148 fax | (810)766-7146 |
| k.riddle@fiegerlaw.com | wkim@cityofflint.com |
| | |
| | MICHAEL W. EDMUNDS (P55748) |
| | Gault Davison, PC |
| | Attorney for Defendant Miller |
| | 8305 S. Saginaw, Ste. 8 |
| | Grand Blanc, MI 48439 |
| | (810) 234-3633 |
| | medmunds@edmundslawoffice.com |

## PLAINTIFF'S RESPONSE OPPOSING DEFENDANT CITY OF FLINT'S MOTION TO DISMISS

NOW COMES, Plaintiff, JESSICA KIRBY, as Personal Representative of the Estate of TOMMY KIRBY, by and through her attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and asks that this Honorable Court DENY Defendant City of Flint's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, permit Plaintiff to amend her complaint under Fed. R. Civ. P. 15(a). In support, Plaintiff relies on the attached brief in support.

Respectfully submitted,

**Fieger, Fieger, Kenney & Harrington, P.C.**

**/s/ KEVIN C RIDDLE**
GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
k.riddle@fiegerlaw.com

Dated: March 19, 2021

ii

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JESSICA KIRBY, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF TOMMY KIRBY, DECEASED,

    Plaintiff,

vs.

CITY OF FLINT, a municipal corporation,
OFFICER TERRY VANKEUREN JR. and
OFFICER DANIEL MILLER, in their Individual
and Official Capacities,
Jointly and Severally.

    Defendants.

Case No.:  2:20-cv-13088
Hon. Nancy G. Edmunds

---

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555/ (248) 433-5148 fax
k.riddle@fiegerlaw.com

WILLIAM Y. KIM (P76411)
City of Flint Law Department
*Attorney for Defendants City of
Flint and Terry VanKeuren, Jr.*
1101 S. Saginaw St., 3rd Floor
Flint, MI 48502
(810)766-7146
wkim@cityofflint.com

MICHAEL W. EDMUNDS (P55748)
Gault Davison, PC
Attorney for Defendant Miller
8305 S. Saginaw, Ste. 8
Grand Blanc, MI 48439
(810) 234-3633
medmunds@edmundslawoffice.com

---

## **PLAINTIFF'S BRIEF IN SUPPORT OF HER RESPONSE OPPOSING CITY OF FLINT'S MOTION TO DISMISS**
### *oral argument requested*

# TABLE OF CONTENTS

COUNTERSTATEMENT OF ISSUE PRESENTED ...................................................... ii

CONTROLLING AND MOST PERSUASIVE AUTHORITY .................................... ii

SUMMARY OF ARGUMENT ................................................................................... 1

FACTUAL ALLEGATIONS IN THE COMPLAINT ................................................. 1

STANDARD OF REVIEW ........................................................................................ 4

LAW AND ARGUMENT .......................................................................................... 6

A. Plaintiff has pleaded a cognizable constitutional claim against the City of Flint. Defendant City's Motion to Dismiss should be denied........................................... 6

   1. Illegal Official Policy: Training Officers to use Force One Level Above What is Constitutionally Prescribed ............................................................................. 8

   2. Failure to Train or Supervise: ........................................................................ 10

   3. Unconstitutional custom of tolerance or acquiescence of federal rights violations: ....................................................................................................... 13

B. In the unlikely event that this Court finds that Plaintiff has not pleaded sufficient facts to assert plausible Constitutional violations pursuant to 42 U.S.C §1983 against the City, Plaintiff requests that this Court grant Plaintiff leave to amend her Complaint pursuant to Fed. R. Civ. P. 15(a). ................................................ 15

CONCLUSION ......................................................................................................... 16

## COUNTERSTATEMENT OF ISSUE PRESENTED

1. Should the Court deny Defendant City of Flint's motion to dismiss Plaintiff's official liability claims under Fed. R. Civ. P. 12(b)(6?

## CONTROLLING AND MOST PERSUASIVE AUTHORITY

### *Standard of Review for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*

- Fed. R. Civ. P. 12(b)(6)
- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

### *Municipal Liability for Unconstitutional Custom and Policy*

- 42 U.S.C. § 1983
- *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)
- *City of Canton v. Harris*, 489 U.S. 378 (1989)
- *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019)
- *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265 (6th Cir. 2020)
- *Wright v. City of Euclid, Ohio*, 962 F.3d 852 (6th Cir. 2020)

### *Leave to Amend Complaint*

- Fed. R. Civ. P. 15(a)
- *Forman v. Davis*, 371 U.S. 178 (1962)
- *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003)

## SUMMARY OF ARGUMENT

This 42 U.S.C §1983 cased involves the tragic death of Tommy Kirby. Kirby was shot by Defendant officers after a pursuit. At the time, Kirby was not longer fleeing and had his hands in the air. Defendant City of Flint has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons explained in detail in below, Plaintiff has sufficiently pleaded official municipal liability claims against the City for maintaining an unconstitutional custom and policy of 1) training its officers to use force one level above what is constitutionally permissible, 2) failing to train and supervise its officers regarding the acceptable use of force when apprehending a fleeing suspect, and 3) tacitly approving and acquiescing to the unconstitutional use of excessive force by its officers. Defendant City's motion to dismiss should be denied.

If the Court decides that Plaintiff's complaint is deficient, Plaintiff alternatively asks that this grant Plaintiff leave to amend her complaint under Fed. R. Civ. P. 15(a).

## FACTUAL ALLEGATIONS IN THE COMPLAINT

On February 24, 2019, Defendant Officers Terry Van Keuran and Daniel Miller were involved in a traffic pursuit of Plaintiff's decedent, Tommy Kirby. (Complaint, ¶11) Eventually, the officers ended the pursuit by conducting a

1

precision immobilization technic ("PIT") maneuver, bringing Kirby's vehicle to a stop. Id. at ¶14. Kirby's vehicle was boxed in the by the officers' vehicles and was facing them. Id. at ¶¶13-14. Kirby was boxed in when Defendants Van Keuran and Miller exited their vehicles and shot Kirby through the windshield within seconds of executing the PIT maneuver. Id. at ¶15-16. Evidenced by the trajectory of the bullet wounds, Kirby was unarmed and surrendering with his hands up when he was shot and killed. Id. at ¶19. Kirby was not a threat to the officers, and there was no evidence that he had committed any crime involving the infliction of serious physical harm. Id. at ¶20-21. The officers could not have believed that they were in imminent danger, and could easily and safely have used less than lethal force.

As pleaded in the Complaint, the defendant officers' use of excessive deadly force against Kirby was caused by the City of Flint's own unconstitutional customs and policies. The City failed to train, discipline, monitor and supervise its officers regarding the reasonable use of force and reasonable seizures in apprehending a formerly feeling suspect who is unarmed, poses no imminent danger, had not committed a crime involving infliction of serious physical harm, and has his hands in the air. Id. at ¶34, 35. The training, supervision and lack of discipline were so reckless, that future violations of the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, were certain to occur. Id. at ¶39. The City, through its unconstitutional

custom an policy of failing to train and supervise, showed a deliberate indifference to citizens' rights, and these policies were the moving force behind the defendant officers' use of excessive force against Kirby. Id. at ¶40-41.

Plaintiff further alleged that the City had a custom and policy of acquiescing to the officers' unconstitutional use of force, in violation of citizens' Fourth and Fourteenth Amendment constitutional rights. Id. at ¶42. There was a clear pattern and practice of acquiescing to unconstitutional conduct. Id. at ¶43-44. The City tolerated and refused to discipline officers' repeated use of excessive force against citizens, which allowed officers to continue to engage in this unlawful behavior. Id. at ¶45-46. The City failed to fully investigate allegations of misconduct, looked the other way, and thus, tacitly encouraged such behavior.  In doing so, the City condoned, ratified or encouraged the officers to violate the Fourth and Fourteenth Amendments to the United States Constitution as a matter of policy. Id. at ¶46.

In addition to the inadequate training/supervision, and acquiescing to unconstitutional conduct by its officers, the City maintained an official custom and policy of training its officers to use a level of force one level above what is constitutionally appropriate, such that the defendant officers in this case used deadly force against Kirby, who was unarmed, did not pose a danger, and had his hands in the air. Id. at ¶36.

The training, supervision and lack of discipline by the City was so reckless that future violations of the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution were certain to occur. Id. at ¶39. In fact, prior to the incident involving Kirby, Defendant Van Keuren was involved in another excessive force incident, which also resulted in litigation against him and the City. Id. at ¶12. The City developed a custom and policy of failing to train its officers, inadequately supervising their conduct, and acquiescing to unconstitutional conduct. Id. at ¶39-40.

Plaintiff filed this lawsuit to seek justice for Kirby's untimely death due to the unconstitutional use of deadly force against him. In her complaint, Plaintiff has pleaded claims against Defendants Van Keuran and Daniel Miller for the excessive use of force against Kirby, in violation of the Fourth and Fourteenth Amendments, actionable under 42 U.S.C. §1983. Plaintiff has also pleaded *Monell* claims against the City for promulgating unconstitutional customs and policies, regarding the officers' use of deadly force, that were the moving force behind Kirby losing his life.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing

4

that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

The district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint. 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.2000). Although in some instances the district court may consider evidence outside the complaint, in doing so it converts the motion to dismiss to a motion for summary judgment. If the district court chooses to treat the motion as one for summary judgment, it must give the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643–44 (6th Cir. 2001).

## LAW AND ARGUMENT

### A. Plaintiff has pleaded a cognizable constitutional claim against the City of Flint. Defendant City's Motion to Dismiss should be denied.

The § 1983 cause of action may be exercised only against a "person who ... causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Although "person" has been given a wide meaning under § 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, (1978), when the person is a municipality, liability attaches only under a narrow set

of circumstances. "A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.' " *D'Ambrosio v. Marino*, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). Instead, a plaintiff must show that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). A plaintiff does this by showing that the municipality had a "policy or custom" that caused the violation of his rights. *Monell*, 436 U.S. at 694.

There are four methods of proving a municipality's illegal policy or custom: the plaintiff may prove "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (citing *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). In this case, Plaintiff has pleaded a claim under 1) (existence of official illegal policy), 3) (existence of policy of inadequate training and supervision), and 4) (existence of a custom of tolerance or acquiescence of feral rights violations.

7

1.    **Illegal Official Policy: Training Officers to use Force One Level
Above What is Constitutionally Prescribed**

"[T]o satisfy the *Monell* requirements a plaintiff must identify the policy,
connect the policy to the city itself, and show that the particular injury was incurred
because of the execution of that policy." *Wright v. City of Euclid, Ohio*, 962 F.3d
852, 880 (6th Cir. 2020), citing *Jackson*, 925 F.3d at 829 (internal quotation
omitted). Plaintiff here has pleaded that the City of Flint has a custom of permitting
or acquiescing to the use of excessive force, which directly caused his injury.
Specifically, Plaintiff alleged that the City promulgated an official policy that taught
its officers to use force one level above what is constitutionally prescribed in
encounter situations. Complaint, ¶36. As a result, when the officers encountered
Kirby, they used lethal force immediately after executing the PIT maneuver, even
though Kirby did not pose an imminent threat and had his hands in the air. Id. at ¶17.

"[A] city may be liable under *Monell* for a policy of permitting constitutional
violations regardless of whether the policy is written." *Jackson*, 925 F.3d at 830; see
*Monell*, 436 U.S. at 691, 98 S.Ct. 2018 ("Congress included customs and usages [in
§ 1983] .... Although not authorized by written law, such practices ... could well be
so permanent and well settled as to constitute a 'custom or usage' with the force of
law." When proceeding under the official custom or policy theory of *Monell* liability,
Kirby "must show that there were formal rules or understandings—often but not
always committed to writing—that were intended to, and did, establish fixed plans

of action to be followed under similar circumstances consistently and over time." *Wright*, 962 F.3d at 880 (cleaned up).

Plaintiff has met the burden of alleging an official unconstitutional policy of instructing officers to use force one level above what is constitutionally permissible. This policy may be written or may be so well-settled as to constitute a "custom or usage," only discovery will tell. These allegations, taken as true, are sufficient to withstand summary dismissal under Rule 12(b)(6).

In hopes of confusing the issues, the City has attached self-selected segments of purported written policies adopted by the City. These policies, however, raise more questions than they answer, and they certainly do not warrant dismissing Plaintiff's official liability claims. First, the declaration provided by Sgt. Murphree attesting that the policies are policies of the Flint Policies Department in existence at the relevant time, only informs that these policies were "on the books," so to speak. Sgt. Murphree's declaration does not attest whether these policies were taught to the officers; it does not describe *how* the policies were taught; and it provides no information regarding whether the policies were enforced or just words in dusty books on the shelves. The answers to these questions, which can only be gleaned through discovery, are critical. The mere existence of the written policies is not dispositive to the claims raised by Plaintiff.

As discussed above, an official policy can be written or *unwritten* if the policy is so well settled as to become custom and practice. That is precisely what Plaintiff has alleged: that the City taught its officers to use force one level above what is constitutionally prescribed, and that this policy was the moving force behind he defendant officers' use of deadly force against Kirby. Defendant City' motion to dismiss should be denied.

## 2. Failure to Train or Supervise:

"When determining whether a municipality has adequately trained its employees, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform." *Jackson*, 925 F.3d at 834 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

"There are at least two situations in which inadequate training could be found to be the result of deliberate indifference. First, and most commonly, a plaintiff can demonstrate deliberate indifference by showing that the municipality has failed to act in response to repeated complaints of constitutional violations by its officers." *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 287 (6th Cir. 2020) (cleaned up). "Under this approach, a plaintiff must show that the defendant was aware of prior instances of unconstitutional conduct such that it was clearly on notice that the training in this particular area was deficient and likely to cause injury and

yet ignored a history of abuse." *Id.* This is the most common way of proving deliberate indifference.

Plaintiff has sufficiently alleged an unconstitutional custom and policy of failing to train and supervise under this approach. Specifically, Plaintiff alleged in the Complaint that there was another incident of use of excessive force, *against the same defendant officer involved in this case*, that has embroiled the City in separate litigation. This allegation of prior instance of use of excessive force shows that Defendant City was aware of prior unconstitutional conduct and was on notice that the training regarding the appropriate use of force was deficient. And yet, the City has ignored this history and, tragically, Kirby lost his life. Plaintiff has sufficiently pleaded an unconstitutional custom and policy of failing to train and supervise officers regarding the appropriate use of force. Defendant City's motion to dismiss should be denied.

In addition to showing "other instances" of misconduct, another way in which a plaintiff can show a genuine factual dispute regarding deliberate indifference. "In a narrow range of circumstances, a plaintiff can show that a municipality was deliberately indifferent by failing to equip law enforcement officers with specific tools to handle recurring situations." *Ouza*, 969 F.3d at 287 (cleaned up), citing *Brown*, 520 U.S. at 409. As the Supreme Court explained in *City of Canton*, "it may happen that in light of the duties assigned to specific officers or employees the need

for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." 489 U.S. at 390.

In *Ouza*, the Sixth Circuit explained that, for instance, "if a municipality failed to provide any training to its officers on the use of deadly force, it would be liable to a person unconstitutionally killed by the police, given that city policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons and the city has armed its officers with firearms, in part to allow them to accomplish this task." *Ouza*, 969 F.3d at 287. The Court held that, in that type of situation, "the need to train officers in the constitutional limitations on the use of deadly force can be said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights." *Id*. (cleaned up). "Under this approach of demonstrating deliberate indifference, a plaintiff does not need to show that the municipality had notice of a pattern of unconstitutional conduct. Instead, a plaintiff can show deliberate indifference based on "single-incident liability" if the risk of the constitutional violation is so obvious or foreseeable that it amounts to deliberate indifference for the city to fail to prepare officers for it." *Id*. (cleaned up).

This case presents the *exact* type of situation discussed in *Ouza*, where the need to train officers in the constitutional limitations on the use of deadly force is so obvious, that failure to do so is properly characterized as deliberate indifference to

constitutional rights. This case involved a fleeing suspect, Kirby. It also involved the use of force to apprehend him. The need for proper training is obvious. The City *knows* that its police force will be required to pursue fleeing suspects, and that its officers may need to use force to apprehend them. The need to train officers in the constitutional limitations on the use of deadly force in these instances is obvious. And lack of proper training leads to the exact results seen here, where a surrendering suspect who posed no threat and was surrendering was shot dead.

Under *Ouza*, Plaintiff does not *need* to allege "other instances" of unconstitutional use of force to establish a custom and policy of failing to train and supervise against the City. Instead, Plaintiff "can show deliberate indifference based on single-incident liability" because "the constitutional violation is so obvious or foreseeable that it amounts to deliberate indifference for the city to fail to prepare officers for it." *Id*. Plaintiff has sufficiently pleaded an unconstitutional custom and policy of failing to train and supervise officers regarding the appropriate use of force. Defendant City's motion to dismiss should be denied.

### 3. Unconstitutional custom of tolerance or acquiescence of federal rights violations:

To show that a municipal defendant followed a custom of tacit inaction or tolerance of unconstitutional policy violations, a plaintiff must demonstrate "(1) a clear and persistent pattern of unconstitutional conduct by [the defendant's]

employees; (2) the municipality's notice or constructive notice of the unconstitutional conduct; (3) the municipality's tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and (4) that the policy of inaction was the moving force of the constitutional deprivation." *Winkler v. Madison County*, 893 F.3d 877, 902 (6th Cir. 2018) (cleaned up).

As discussed above, Plaintiff has sufficiently alleged that Defendant City has knowledge of prior instances of use of excessive force by its police officers and, yet, it has failed to adequately train and supervise its officers. This lack of training and supervision translates into a custom of tolerance and acquiescence to the unconstitutional use of force by its officers and exhibits deliberate indifference to whether citizens' constitutional rights would be violated. The City has constructive knowledge of the use of excessive force. As alleged in the Complaint, ¶12, the City knew of other instances of use of force by the very defendant officer involved in this case. The City's inaction in the face of repeated allegations of use of force amounts to a custom of tacit approval and acquiescence, and was the moving force behind the excessive force used against Kirby. Defendant City's motion to dismiss the official liability claim should be denied.

14

**B. In the unlikely event that this Court finds that Plaintiff has not pleaded sufficient facts to assert plausible Constitutional violations pursuant to 42 U.S.C §1983 against the City, Plaintiff requests that this Court grant Plaintiff leave to amend her Complaint pursuant to Fed. R. Civ. P. 15(a).**

Fed. R. Civ. P. 15(a) provides that "leave to amend shall be freely given where justice so requires." Under Rule 15(a), leave to amend is appropriate "in absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive…repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc…" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003), quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962). In deciding whether justice requires granting leave to amend, the court should balance the *Forman* factors, especially prejudice to the opposing party and harm to the movant. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d327 (6th Cir. 2007). Something is "prejudicial" if it places an unfair burden on the opposing party. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

In this case, given that litigation has just commenced, there is no dilatory conduct on the part of plaintiff or undue prejudice to Defendant City. On the other hand, it would be manifestly unjust to dismiss Plaintiff's municipal liability claims without any assessment of the facts (as adduced through discovery) or a true adjudication on the merits. Plaintiff maintains that her complaint sufficiently pleads

15

municipal liability claims pursuant to 42 U.S.C §1983 against Defendant City. However, in the event this Court disagrees, Plaintiff respectfully requests that this Honorable Court permit Plaintiff to amend her complaint.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court DENY Defendant City of Flint's Motion to Dismiss Plaintiff's complaint.  In the alternative, in the unlikely event that this Court finds that Plaintiff's complaint fails to adequately state a claim, Plaintiff requests that this Court allow Plaintiff to amend her complaint.

Respectfully submitted,

***Fieger, Fieger, Kenney & Harrington, P.C.***

*/s/ KEVIN C RIDDLE*
GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
k.riddle@fiegerlaw.com

Dated: March 19, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that on **March 19, 2021**, a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by via first class mail to all attorneys of record.. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

16

/s/ Bonita K. Crison
Bonita K. Crison
Legal Assistant to Kevin C. Riddle