UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA KIRBY, as personal
representative of the estate of
TOMMY KIRBY, deceased,

        Plaintiff,                             No. 20-13088

v.                                           Honorable Nancy G. Edmunds

CITY OF FLINT, OFFICER
TERRY VANKEUREN, JR., and
OFFICER DANIEL MILLER,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF FLINT'S MOTION TO DISMISS [18]**

Plaintiff Jessica Kirby, as personal representative of the estate of Tommy Kirby, filed this civil rights lawsuit under 42 U.S.C. § 1983 against Defendants City of Flint ('the City") and Flint Police Officers Terry Vankeuren, Jr. and Daniel Miller ("Defendant Officers") in relation to the shooting death of Tommy Kirby.  The matter is before the Court on Defendant City of Flint's motion to dismiss.[1]  (ECF No. 18.)  Plaintiff opposes the motion.  (ECF No. 22.)  The City has filed a reply.  (ECF No. 25.)  The Court finds that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided on the briefs and without oral argument.  For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant City of Flint's motion to dismiss.

---

[1] Defendant Officers are not parties to this motion.

**I.     Background**

Plaintiff's complaint sets forth the following allegations:

11.  That on February 24, 2019 at around 2:29 AM, Defendant Officers . . . were engaged in a traffic pursuit of Plaintiff, TOMMY KIRBY.
12.  Prior to the incident involving Tommy Kirby, defendant TERRY VAN KEUREN, JR. was involved in prior seizures where it was alleged he used excessive force and which resulted in litigation against him and the City of Flint.
13.  That said pursuit involving Tommy Kirby progressed from the 1400th block of Broadway, to 475 Southbound, eventually ending on Westbound I-96, just after the Center Road entrance.
14.  That Defendant Officers stopped Plaintiff's vehicle by executing a PIT (precision immobilization technique) maneuver, causing the vehicle to spin 180 degrees and stop, facing the direction of the pursuing Defendant Officers' vehicles.
15.  That Plaintiff's vehicle was boxed in by the Defendant Officers' vehicles when they exited their vehicles and shot Plaintiff through his windshield.
16.  That Defendant Officers began firing at Plaintiff through his windshield within seconds after the PIT maneuver was executed, causing his death.
17.  That the bullet wounds to plaintiff's hands were [sic] demonstrate the shots were fired at un upward trajectory to the hands, meaning that Plaintiff's hands were raised and not on the steering wheel and plaintiff was surrendering.
18.  Plaintiff was not driving his vehicle towards the Defendant officers at the time they fired at him and used deadly force.
19.  That Plaintiff was unarmed and surrendering with his hands up when Defendant Officers executed him.
20.  Tommy Kirby did not threaten the officers with either a weapon nor a vehicle.
21.  There was no evidence that Tommy Kirby committed a crime involving infliction of serious physical harm at the time of the use of deadly force.
22.  There was no reasonable belief that the officers were in imminent danger of death or great bodily harm.
23.  The officers reasonably and safely could have used less than deadly force.
24.  The discharge of the weapons was objectively unreasonable under the circumstances and constituted an unreasonable seizure with deadly force.

(ECF No. 1, PageID.4-6.)  Plaintiff brings an excessive force claim against Defendant

Officers and a municipal liability claim against the City and Defendant Officers in their

2

official capacities.[2] As the basis for the municipal liability claim, Plaintiff avers Defendants failed to train, discipline, monitor, and supervise officers and refused to provide any training, policies, procedures, discipline, and supervision with regard to the reasonable use of force and reasonable seizures in apprehending a formerly fleeing suspect who is unarmed, poses no danger, had not committed a crime involving infliction of serious physical harm, and has his hands in the air. Plaintiff further avers there was a custom and practice of the use of force one level above the appropriate response and/or to use deadly force in apprehending a suspect as described above. Finally, Plaintiff alleges Defendants were on notice and knew that the failure of training, discipline and/or supervision of the officers was inadequate and would lead to the violation of citizens' constitutional rights in part because Defendant Vankeuren had previously faced allegations of excessive force which had resulted in litigation against him and the City.

## II.     Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barney v. PNC Bank*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotations and citations omitted). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] Plaintiff also brought state law claims of gross negligence and/or willful and wanton misconduct against Defendants in her original complaint, but the Court declined to exercise supplemental jurisdiction over those claims. (ECF No. 3.)

liable for the misconduct alleged." *Id.* To survive a Rule 12(b)(6) motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), "the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (internal quotation marks and citation omitted).

### III.    Analysis

Defendant City of Flint argues that Plaintiff's allegations regarding municipal liability are conclusory in nature and insufficient to state a claim upon which relief may be granted. Plaintiff responds by arguing she has pleaded a cognizable constitutional claim against the City under several theories.

As a threshold matter, the Court addresses the City's contention that a municipal liability claim is not a stand-alone claim. While the first step in any § 1983 claim is to identify the specific constitutional right allegedly infringed, *see Albright v. Oliver*, 510

4

U.S. 266, 271 (1994), the Court finds that Plaintiff's claim against the City is sufficiently tied to her excessive force claim. A municipality, however, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, a plaintiff must show "that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (quoting *Bd of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). Thus, a plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom. *See Monell*, 436 U.S. at 694. "[T]here must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *See Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019).

Defendant City of Flint argues Plaintiff has failed to identify a specific policy or custom that has caused the alleged constitutional violation. The City further argues Plaintiff has not set forth a failure to train claim because there are no previous constitutional violations alleged and the circumstances do not support single-incident liability. Plaintiff maintains, however, that she has adequately pled a claim under the first, third, and fourth theories of municipal liability. The Court addresses each in turn.

With regard to the first theory of municipal liability, the existence of an illegal official policy or legislative enactment, "a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *See Jackson*, 925 F.3d at 829 (internal quotation marks and citation omitted).  Here, Plaintiff alleges "there was a custom and practice of the use of force one level above the appropriate response and/or to use deadly force in apprehending a formerly feeling [sic] suspect who is unarmed, poses no danger, had not committed a crime involving infliction of serious physical harm and has his hands in the air." (ECF No. 1, PageID.9.)  As the City notes, this allegedly unconstitutional policy is not couched in terms of the Fourth Amendment and its reasonableness standard.  *See generally Graham v. Connor*, 490 U.S. 386, 395 (1989).  Moreover, the City has attached to its motion policies enacted by the Flint Police Department.[3]  These policies, in relevant part, delineate when a police officer may use deadly force ("when the resistor poses an immediate threat of serious bodily harm or death to the officers or to others, or when a resistor's escape would constitute an immediate threat of serious bodily harm or death to the officer or to others") and prohibit the use of "more force in any situation than is reasonably necessary under the circumstances." (ECF No. 18-3, PageID.99; ECF No. 18-4, PageID.121.)  In sum, the Court finds Plaintiff has failed to set forth a claim of an unconstitutional policy that is plausible on its face.

---

[3] Plaintiff states that the Court may not consider matters beyond the complaint.  However, these policies are public records and to the extent Plaintiff alleged the City has failed to provide policies regarding the reasonable use of force, these exhibits are central to the claims contained in the complaint.  *See Kreipke*, 807 F.3d at 774.  Thus, they are properly before the Court.

With regard to the third theory of municipal liability, the existence of a policy of inadequate training or supervision, "[t]here are at least two situations in which inadequate training could be found to be the result of deliberate indifference. First, and most commonly, a plaintiff can demonstrate deliberate indifference by showing that the municipality has failed to act in response to repeated complaints of constitutional violations by its officers." *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 287 (6th Cir. 2020) (internal quotation marks and citations omitted). "Under this approach, a plaintiff must show that the defendant was aware of prior instances of unconstitutional conduct such that it was clearly on notice that the training in this particular area was deficient and likely to cause injury and yet ignored a history of abuse." *Id.* In a second narrow set of circumstances, "a plaintiff can show that a municipality was deliberately indifferent by failing to equip law enforcement officers with specific tools to handle recurring situations." *Id.* Under this approach, known as "single-incident liability," the risk of the constitutional violation must be "so obvious or foreseeable that it amounts to deliberate indifference for the municipality to fail to prepare officers for it." *Id.* For example, "if a municipality failed to provide any training to its officers on the use of deadly force, it would be liable to a person unconstitutionally killed by the police, given that city policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons and the city has armed its officers with firearms, in part to allow them to accomplish this task." *Id.*

The only allegation with any relevance as to whether there was a history of abuse is that Defendant Vankeuren previously faced allegations of excessive force. But that he was accused of excessive force does not lead to an inference that unconstitutional

7

conduct took place and that the City was clearly on notice that training in this particular area was deficient. Thus, if this were the only approach under which a failure to train claim may be established, Plaintiff's allegations would not suffice.

Plaintiff has, however, set forth a failure to train claim based on the single-incident approach. While the City relies on the same policies discussed above to argue the circumstances here cannot give rise to liability under this approach, not only has Plaintiff alleged that there are no policies in place but also that the City has failed to train its officers as to the use of force when apprehending a fleeing suspect, which is similar to the foreseeable situation described by the Sixth Circuit in *Ouza*. Plaintiff is therefore entitled to proceed to discovery on this claim.

Finally, with regard to the fourth theory of liability, to show that a municipal defendant had a custom of tolerance or acquiescence of federal violations, a plaintiff must

> allege (1) a clear and persistent pattern of unconstitutional conduct by [the municipality's] employees; (2) the municipality's notice or constructive notice of the unconstitutional conduct; (3) the municipality's tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and (4) that the policy of inaction was the moving force of the constitutional deprivation.

*Wrinkler v. Madison Cty.*, 893 F.3d 877, 902 (6th Cir. 2018) (internal quotation marks and citations omitted).

As discussed above, that Defendant Vankeuren has previously faced allegations of excessive force does not equate to an allegation there was unconstitutional conduct in the past, let alone a clear and persistent pattern of unconstitutional conduct. Thus, Plaintiff has failed to set forth a claim upon which relief can be granted under this theory.

In sum, the Court finds that to the extent Plaintiff's *Monell* claim against the City is based on the first and fourth theories of municipal liability, an unconstitutional policy or custom, Plaintiff has not set forth a claim upon which relief may be granted.[4] To the extent, however, Plaintiff's claim is based on a failure to train theory, her claim survives under the single-incident liability approach.

## IV. Conclusion

For the foregoing reasons, Defendant City of Flint's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's *Monell* claim against the City is dismissed to the extent it is based on an unconstitutional policy or custom. Plaintiff's *Monell* claim against the City survives to the extent it is based on a failure to train.

SO ORDERED.

                                         s/Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Judge

Dated: August 12, 2021

---

[4] Plaintiff argues that if the Court finds she has not sufficiently stated a claim against the City, she should be granted leave to file an amended complaint. But Plaintiff did not file a motion to amend. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend.") (internal quotation marks and citation omitted). And more importantly, Plaintiff did not attach a copy of a proposed amended complaint to her response or explain how amendment would alter the Court's analysis. *See id.* Thus, to the extent the Court is granting this motion, Plaintiff's alternate request for leave to amend is denied.

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 12, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
