UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA KIRBY, as personal
representative of the estate of
TOMMY KIRBY, deceased,

        No. 20-13088

        Plaintiff,

v.        Honorable Nancy G. Edmunds

CITY OF FLINT, OFFICER
TERRY VANKEUREN, JR., and
OFFICER DANIEL MILLER,

        Defendants.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION [49]**

This civil rights lawsuit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jessica Kirby, as personal representative of the estate of Tommy Kirby, stems from the shooting death of Mr. Kirby. In a previously issued opinion and order, the Court found that Plaintiff's Fourth Amendment claim against Defendant Officers VanKeuren and Miller survives summary judgment but Plaintiff's *Monell* claim against the City of Flint should be dismissed. (ECF No. 46.) Before the Court is Defendant Officers' motion for reconsideration.[1] (ECF No. 49.) For the reasons below, the Court DENIES the motion.

**I.    Legal Standard**

In this district, "[m]otions for reconsideration of non-final orders are disfavored" and may be brought only on the following grounds:

---

[1] Under Eastern District of Michigan Local Rule 7.1(h)(3), no response to a motion for reconsideration and no oral argument are permitted unless the Court orders otherwise.

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. Local Rule 7.1(h)(2). Defendant Officers rely on the first ground of relief here.

## II.    Analysis

Defendant Officers argue that the Court mistakenly relied on the affidavit of Plaintiff's expert in concluding there are genuine issues of material fact as to whether Mr. Kirby posed an immediate threat to the safety of the officers and others at the time of the shooting. They argue that Plaintiff's expert is not qualified and his testimony is speculative and lacks foundation. But Defendant Officers make these arguments for the first time here. Plaintiff relied heavily on the affidavit of her expert in her response to Defendants' motion for summary judgment, but Defendants did not file a reply to that response. Parties should not use motions for reconsideration to raise new arguments "which could, and should, have been made" prior to the Court's decision. *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (internal quotation marks and citation omitted). Because Defendant Officers could have challenged the expert testimony in a reply brief or motion in limine but failed to do so, the Court declines to consider these arguments on a motion for reconsideration. The Court also notes that the case Defendant Officers rely upon, *Boyd v. Baeppler*, 215 F.3d 594 (6th Cir. 2000), is distinguishable. There, a coroner's report, which the Sixth Circuit described as "a clear medical statement," contradicted the testimony of the expert, whose opinions were based on assumptions and expressed only "with probability." *See id.* at 603-04. Here,

2

there is no testimony from any another expert, and Plaintiff's expert's opinions were based on the photographs of the scene, the officers' own testimony, and "the trajectory evidence of their shot placement" and made more definitively. (*See* ECF No. 44-4.)

**III.    Conclusion**

For the foregoing reasons, Defendant Officers' motion for reconsideration is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 18, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager